|  |  |
|---|---|
| | )     C/A No. 3:10-1524-TLW-JRM |
| Benjamin Franklin Fuller, #336595, | ) |
| | ) |
| Plaintiff, | )     REPORT AND RECOMMENDATION |
| | ) |
| vs. | ) |
| | ) |
| Kirkland Correct. Inst.; | ) |
| Sgt. Draton Deas a/k/a Dees; | ) |
| Sgt. Hooks, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

The plaintiff, Benjamin Franklin Fuller ("Plaintiff"), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is an inmate at Kershaw Correctional Institution, a facility

of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis*

under 28 U.S.C. § 1915.  The complaint appears to name SCDC employees as defendants.[2]  Plaintiff

alleges that as a result of the defendants' negligence he slipped and fell on water and suffered

injuries.  Plaintiff also alleges that he received no medical treatment for the injuries suffered in the

fall.  Plaintiff seeks money damages.  The complaint should be dismissed for failure to state a claim

on which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

<u>*Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may

be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on November 6, 2009, he was in his cell getting water to drink from his sink but the water would not "cut off." Plaintiff and his cell mate called for assistance. Defendant Dees arrived and looked at the sink, but she allegedly did nothing. "The sink ran all night long, and spilled over on the floor." The next day (November 7, 2009) at 4:00 a.m. defendant Dees was performing cell checks with another officer. Allegedly, the other officer did call another officer to turn off the water but the officer who tried to turn it off did not have any tools and was not

successful. Plaintiff alleges that as a result of the administration's negligence he slipped and fell and hurt his shoulder and back. At about 1:30 p.m. on November 7, 2009, defendant Hooks saw Plaintiff lying on the floor and instructed Plaintiff's cell mate to clean up the water around Plaintiff. Plaintiff's cell mate refused and told defendant Hooks to call "First Response" to help Plaintiff onto a Gurney. Plaintiff allegedly had pain in his neck, shoulder, and back.

Plaintiff alleges that he was taken to the medical annex and that the nurse instructed him to get up off the Gurney so she could examine him. Plaintiff alleges that he could not get up by himself and that the First Response team and the nurse refused to help him. Plaintiff alleges that "the bottom line is that I received no medical treatment from (anybody) from my fall on the floor." Plaintiff alleges that there are no medical records about his fall because he has not received any treatment for the fall. Plaintiff requests that this court order an X-ray of his shoulder, back, and neck so that the court can determine whether the defendants have been negligent. Plaintiff also requests that he be awarded $1,500,000.00 for his pain and suffering.

<u>Discussion</u>

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West*

*v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment does protect inmates from certain conditions of confinement that are sufficiently serious to implicate constitutional protection. *See Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). To establish such a claim, an inmate must prove that a prison official acted with deliberate indifference to inmate health or safety. *Id.*

In this case, liberally construed Plaintiff alleges that the defendants were deliberately indifferent to his safety for refusing to promptly have the water turned off at the sink and for allowing the water to spill onto the floor. However, Plaintiff failed to state a cognizable Eighth Amendment claim because his slippery cell floor due to spilled water is not a condition sufficiently serious to implicate constitutional protection. Federal courts have consistently held that slippery prison floors do not violate the Eighth Amendment. *Id. See also Morrow v. Dorrity*, C/A No. 8:08-408-HFF-BHH, 2008 WL 5500769 (D.S.C. Dec. 3, 2008) (noting that courts have regularly held that wet or slippery floors do not pose an objectively excessive risk to prisoners), *adopted in part by*, 2009 WL 87435 (D.S.C. Jan. 13, 2009). Another way to inquire about whether deliberate indifference has been alleged is "whether the plaintiff's exposure to that condition would 'offend contemporary standards of decency.'" *See Vines v. Hepp*, No. 07-C-956, 2007 WL 3342583 at *2-3 (E.D. Wis. Nov. 8, 2007) (finding that puddles of water on a shower floor without shower mats did not offend contemporary standards of decency). In this case, Plaintiff's alleged facts about the dangerous prison conditions do not offend contemporary standards of decency. *Cf. Vines v. Hepp*, No. 07-C-956, 2007 WL 3342583 at *2-3 (E.D. Wis. Nov. 8, 2007) (noting that excessive cigarette smoke, violent other inmates, dangerous machinery, and raw sewerage may rise to the level of offending contemporary standards of decency). Plaintiff's allegations, taken as true, only rise to the level of negligence which is not actionable pursuant to 42 U.S.C. § 1983. *Estelle v. Gamble*, 429

U.S. 97, 106 (1976); *Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986). Therefore, Plaintiff failed to state a claim on which relief may be granted for deliberate indifference to his safety.

Secondly, Plaintiff appears to claim that his constitutional rights have been violated because his medical needs for his injuries due to the fall have not been taken seriously and no medical treatment has been given to him. In order to establish deliberate indifference with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a prisoner's serious medical needs is actionable under § 1983 if the plaintiff can prove that his inadequate medical care was more than merely negligent. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). In this action, Plaintiff alleges that he was taken on a Gurney to the medical annex after his fall and that a nurse saw him and talked with him. Plaintiff alleges that no one would help him get off the Gurney and that he could not do it. At most, these allegations allege that Plaintiff believes he received incorrect or negligent medical treatment when he arrived at the medical annex. Several times in the complaint, Plaintiff alleges that he filed this lawsuit because of the defendants' "medical negligence." However, negligent or incorrect medical treatment is not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that

*Daniels* bars an action under § 1983 for negligent conduct[.]").  Thus, Plaintiff failed to allege a claim on which relief may be granted in relation to his medical care.

Additionally, this court is not certain whether Plaintiff intended to name as a defendant "Kirkland Correctional Institution" or whether Plaintiff intended that as a description of where the other named defendants are employed.  Regardless, "Kirkland Correctional Institution" is not a "person" subject to suit in a § 1983 civil rights action.  In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  It is well settled that only "persons" may act under color of state law, therefore, a defendant in a Section 1983 action must qualify as a "person."  The defendant "Kirkland Correctional Institution" is a department, group of buildings, or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Therefore, the defendant "Kirkland Correctional Institution" should be dismissed from this action.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

June 25, 2010
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).