IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Benjamin Franklin Fuller, #336595, | ) | C.A. No. 3:10-1524-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| Kirkland Correct. Inst.; | ) | |
| Sgt. Draton Deas; | ) | |
| Sgt. Hooks, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff has brought this *pro se* action against the Defendants under Title 42, United States Code, Section 1983. This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In his Report, Magistrate Judge McCrorey recommends that the Complaint in this action be dismissed without prejudice and without issuance and service of process. The Plaintiff has filed objections to the Report.

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

1

objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report. The Court also notes that any medical indifference claims against Defendants Deas and Hooks should be dismissed as they are not medical personnel and Plaintiff has not shown that either Defendant interfered with his medical care. The Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. See Militier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

This Court has carefully reviewed the Complaint in this case and concludes that under these principles, the Plaintiff has not alleged sufficient facts stating any claim actionable under Section 1983 against Defendants Deas and Hooks, who are not medical personnel. Specifically, Plaintiff has not alleged that the named defendants were personally involved with any denial of medical treatment.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 8); plaintiff's objections are **OVERRULED** (Doc. # 10); and the Complaint in this action is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

      s/ Terry L. Wooten
      **TERRY L. WOOTEN**

August 9, 2010      **UNITED STATES DISTRICT JUDGE**
Florence, South Carolina